## Joseph B. Quinn
### v.
### Francis A. Hanley et al.

Bill of exchange—Action against acceptor.—In order for the drawer of a bill of exchange to recover against the acceptor, he must prove the default of the acceptor, the return of the bill by the payee to him, and that he was obliged to and did pay the same to the payee.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.    Opinion filed January 7, 1880.

Messrs. Washburn & Robbins, for appellant; that the railroad receipts showing flour shipped by appellees to appellant were not admissible in evidence against appellant as admissions of his agent, cited 1 Greenleaf's Ev. § 115; 1 Smith's Lead. Cas. *399; Dow v. Sawyer, 29 Me. 118; Batre v. Simpson, 4 Ala. 312; Livingston v. Tyler, 14 Conn. 499; Brewster v. Doane, 2 Hill, 537; Wilber v. Selden, 6 Cow. 162; Moon v. Andrews, 5 Porter, 107.

The receipts of third persons are not admissible in evidence, the party making them not being produced: Longenecker v. Hyde, 6 Binn. 1; Spargo v. Brown, 9 B. & C. 935; Cuthbert v. Gilbert, 4 S. & R. 550; Warner v. Price, 3 Wend. 398; Lonergan v. Stewart, 55 Ill. 44; Grove v. Miles, 58 Ill. 338.

The plaintiff cannot make out a case by the mere production of the bill of exchange: Dempster v. West, 69 Ill. 613; Welch v. Lindo, 7 Cranch, 159.

Plaintiff must prove return of the bill and payment by him: Chitty on Bills, *647; Hoffman v. Bignall, 7 Reporter, 666; 2 Greenleaf's Ev., § 169.

To recover upon the original consideration plaintiff should first surrender the bill for cancellation: Miller v. Lumsden, 16 Ill. 161; Rayburn v. Day, 27 Ill. 47; Hayden v. Latham, 30 Ill. 188.

Messrs. SHUFELDT & WESTOVER, for appellees; that the presumption is that the bill was the property of appellees, cited Palmer v. Gardiner, 77 Ill. 143; Jewett v. Cook, 81 Ill. 260.

McALLISTER, J.—This was an action brought by Hanley & Metcalf on a bill of exchange drawn by them July 20, 1877, at Palmyra, Missouri, and directed to J. B. Quinn & Co., Chicago, Illinois, whereby the former requested the latter, three days after sight, to pay John W. Russell or order eight hundred and seventy-five dollars, value received. The declaration follows the precedent in 2 Chitty's Pl. 148; and after setting out the bill as above, avers that it was delivered to Russell; that it was accepted by Quinn & Co., the defendants; and when due was presented to them, payment thereof demanded and refused; that thereupon it was returned to the drawers, the plaintiffs, and they were obliged to and did pay Russell the amount thereof. On the trial, under the general issue, the plaintiffs simply introduced the bill of exchange, with computation of interest in evidence, and rested. The bill was not endorsed by Russell, and there was no proof of presentment or demand of payment made on the acceptors, or that the drawers had it returned to them, or ever paid anything on account of it. Verdict and judgment having gone for plaintiffs below, the question on this appeal by the defendants is, whether the production of the bill of exchange in evidence without any endorsement by the payee, is sufficient of itself alone to entitle the drawers of such bill to recover upon the same against the acceptors.

In Louvier v. Lanbray, 10 Mod. 37, the question was whether the drawer of a bill of exchange which had been accepted and

Quinn v. Hanley.

protested for non-payment, and endorsed by the payee to the drawer, could as endorsee maintain an action against the acceptor; and it appearing that the acceptance was not upon the honor of the drawer, the court held the action well brought. In Simmonds v. Parminter & Barrow, 1 Wilson, 185, the action was by the drawer of a bill of exchange against the acceptors, where the bill was also payable to a third person, and there was no endorsement by the payee. But in that case, as in the one at bar, the declaration averred the drawing the bill by plaintiffs, the delivery of it to the payee, and acceptance by the drawees; and that when due it was presented to the latter, payment demanded and refused; that thereupon it was returned by the payee to the plaintiffs, the drawers, and that they were obliged to and did pay the amount thereof to the payee with interest, cost and damages. The court held the plaintiffs under these circumstances entitled to recover, and that judgment was affirmed afterwards in the House of Lords. This case seems to be the foundation for the precedent in Chitty's Pleadings above referred to. Justice Lawrence, in Cowley v. Dunlop, 7 Durnf. & East, 572, said: " The drawer of a bill after he has negotiated it, may, if he has been obliged to pay it, maintain an action on the bill itself just as if he had never parted with it. When he takes up the bill he is referred back to his original contract, according to the case of Death v. Serwonter, Lutw. 885; until the bill gets back to the drawer the acceptor is discharged with respect to the drawer; when the drawer gets back the bill his right revives, and the bill, which is the evidence of the contract of the acceptor, proves that his undertaking was to pay a certain sum of money at a fixed time, and not on any contingency. In short, the question comes to this: whether the drawer of a bill of exchange, who is obliged to take it up after having negotiated it, is not confined to his action on the bill to recover against the acceptor? And it seems to me that he is, for I see no reason to raise an implied assumpsit as for money paid by the drawer for the acceptor, when the contract arising out of the bill and the custom are fully sufficient to enable him to recover what he was obliged to pay on the acceptor's refusal."

It seems indispensable where there is no endorsement by the payee, that to enable the drawer to recover against the acceptor, the drawer must be restored to the same position he occupied before he negotiated the bill, and must show the default of the acceptor, the return of the bill by the payee to him, and that he was obliged to and did take it up, as alleged in the declaration. This is regarded as the law by elementary writers. "And the drawer of a bill payable to a third person may, when the bill has been returned to him and he has paid it, sue the acceptor." Chitty on Bills, 537. Parsons says: "Nor can the drawer of a bill recover upon it against the acceptor without evidence that he has paid the bill, and striking out the payee's indorsement is no evidence of this." 2 Parsons on Notes and Bills, 453. In Thompson v. Flower, 13 Martin, La. 307, the action was by the drawer against the acceptor of a bill of exchange payable to third persons. On the trial the plaintiff introduced the bill and proof of its presentment, protest and return to him, the drawer. There was judgment for plaintiff below, but on appeal to the Supreme Court, that court, reversing the judgment below, held that when the drawer of the bill sues the acceptor he must establish that the bill was accepted, demand of payment of the drawer, and refusal, the return of the draft, and that it was paid by the plaintiff. In the case in hand that was just what was alleged in the plaintiff's declaration, and we think it should have been established by the evidence, and for want of such evidence must reverse the judgment.

Reversed and remanded.